IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORDIA D. TINDAL,<br><br>    Plaintiff,<br><br>  v.<br><br>ACCOUNTS RECEIVABLE EAGAN ACCOUNTING SERVICES,<br><br>    Defendant.                     / | No. C -13-01684 EDL<br><br>**ORDER DISMISSING CASE** |

Plaintiff filed this action on April 12, 2013, and filed an Application to Proceed In Forma Pauperis on the same day. On April 24, 2013, Plaintiff filed a Consent to Proceed Before a United States Magistrate Judge. On April 26, 2013, Plaintiff re-filed her Consent to Proceed Before a United States Magistrate Judge with the following handwritten note: "4-25-13. Please be informed that I want to change from consent to proceed before a United States Magistrate Judge to United States District Court Judge of Northern District of California." On April 29, 2013, but before Plaintiff's April 26, 2013 filing was officially filed on the Court's docket, the Court granted Plaintiff's Application to Proceed In Forma Pauperis and Dismissed the Complaint with Leave to Amend.

On May 1, 2013, the Court issued an order regarding Plaintiff's apparent withdrawal of consent to magistrate judge jurisdiction. The Court ordered that if Plaintiff believed that there were extraordinary circumstances warranting withdrawal of consent at this time, she could file a brief setting out those extraordinary circumstances. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'"). In May 13, 2013, Plaintiff filed a brief stating: "I don't think

I have extraordinary circumstances to withdraw from the magistrate judge to US district court judge." See Docket No. 10 at 1-2.  Plaintiff also stated that: "I am staying with the magistrate judge." Id. at 2.  Thus, there has been no showing of extraordinary circumstances to withdraw consent.

In the Court's April 29, 2013 Order granting Plaintiff's application to proceed in forma pauperis, the Court dismissed Plaintiff's complaint with leave to amend.  On May 13, 2013, Plaintiff filed an amended complaint.  Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted.  Here, the Court is unable to discern any legally cognizable claim in Plaintiff's amended complaint.  In her amended complaint, Plaintiff agrees that she owes $4,915.00 to the Postal Service and she acknowledges the validity of the Postal Service's claim to the debt.  Those facts likely preclude a claim against the Postal Service based on the debt.  Also, Plaintiff alleges that at some point, her supervisor made a mistake in handling her advance sick leave request, but Plaintiff has not provided a legal basis for any claim against the Postal Service or any department of the Postal Service based on the alleged mistake.  Plaintiff states that her claim is to have the $4,915.00, plus the installment payments she has made on that debt in the amount of $2,663.84, returned to her.  However, Plaintiff has failed to base her claim for relief on any legal claims against the Postal Service or any department of the Postal Service.  The Court appreciates that Plaintiff has serious health issues and financial difficulties, but she has failed to include in her complaint a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2).  Because Plaintiff has had an opportunity to amend her complaint, the Court dismisses this action with prejudice.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 17, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2